United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 10, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 05-11027
_____

In The Matter Of:
DAVID I. SHEINFELD,

Debtor.

-----------------------------------

DAVID I. SHEINFELD,

Appellant,

versus

GARY LEEDS; LEEDS FAMILY PARTNERSHIP,

Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas, Dallas
USDC No. 3:03-CV-2601

_____

Before KING, GARWOOD and JOLLY, Circuit Judges.

PER CURIAM:[*]

Debtor David I. Sheinfeld ("Sheinfeld") appeals the district court's affirmance of the bankruptcy court's entry of partial summary judgment for Gary Leeds and the Leeds Family Partnership (collectively, "Leeds") based on the preclusive effect of a California arbitration award. Finding no reversible error by either the district court or the bankruptcy court, we AFFIRM.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This dispute originated in the formation of Mission Hills Hotel Development Partnership in 1985, later succeeded by the TLS Partnership ("the Partnership"). The Partnership consisted of Leeds, Sheinfeld, Richard Engelberg ("Engelberg"), and James Enis ("Enis"), and it developed a California hotel that opened in April 1987. That same year, Enis assigned his interest in the Partnership to LS Investments, a partnership in which Sheinfeld had an interest. Three years later Sheinfeld and Leeds bought Engelberg's interest in the Partnership and then sold their entire interest to a group of Japanese investors.

Leeds brought suit in California in 1992 against Sheinfeld, claiming, inter alia, that he had concealed his acquisition of Enis's interests. Enis and Engelberg later sued both Leeds and Sheinfeld, whereupon the two lawsuits were consolidated. A jury eventually found that Sheinfeld and Leeds had breached their fiduciary duties and were thus jointly and severally liable to Enis and Engelberg. Before the trial, Sheinfeld and Leeds had agreed to arbitrate any contribution issues between them arising from a judgment for Enis and Engelberg. However, on February 4, 2000, one day prior to that long-scheduled arbitration hearing, Sheinfeld filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in U.S. Bankruptcy Court in Dallas and the hearing was stayed under the automatic stay provision in 11 U.S.C. §

2

362(a). The bankruptcy case was later converted into a Chapter 7 proceeding, with Jeffrey H. Mims ("Mims") appointed as Trustee.

On May 9, 2000, Leeds filed a non-dischargeability complaint against Sheinfeld under 11 U.S.C. § 523(a)(2) and (a)(4), asserting that Sheinfeld violated his fiduciary duties to Leeds in the Partnership transactions, rendering any debts he owed non-dischargeable. Leeds also moved for relief from the automatic stay to allow arbitration to go forward. At a hearing on June 28, the bankruptcy court granted Leeds's motion, modifying the automatic stay "to the extent necessary to permit the Leeds Group to liquidate its claims against the Debtor pursuant to the Arbitration Agreement . . . ." Over the next several months, Mims negotiated for Sheinfeld's bankruptcy estate with Leeds, entering into a Settlement Agreement on November 28 that granted Leeds an unsecured claim of $5,213,337.30 against the estate. Mims also agreed not to pursue any counterclaims against Leeds. The agreement provided that it would not affect current disputes between Sheinfeld and Leeds to be resolved through arbitration or by the Bankruptcy Court. The Settlement Agreement also stated the parties' agreement that Leeds's general claim of $5,213,337.30 was a ceiling and it could be reduced if the debt was found to be less by arbitration or otherwise. Over Sheinfeld's objection, the bankruptcy court approved the Settlement Agreement.

The arbitration hearing was scheduled for January 15, 2001. About one week before the hearing, Sheinfeld moved the bankruptcy

court for a six-month continuance of arbitration and his motion was denied. He then asked the arbitrator for a continuance, which was also denied. The hearing proceeded on January 15 with only Leeds participating. Neither Sheinfeld nor Mims appeared, nor did Sheinfeld provide any comment to a notice of intended ruling the arbitrator distributed to the parties. On February 12, the arbitrator awarded Leeds the full claim in compensatory damages and an additional $7,473,451.48 in punitive damages. Sheinfeld unsuccessfully appealed the award in California trial and appellate courts before it was ultimately confirmed on January 30, 2003.

Leeds then moved the bankruptcy court for partial summary judgment on the ground that its claim was not dischargeable under 11 U.S.C. § 523(a)(2) and (a)(4). The findings in the award, Leeds argued, established the elements of fraud and violation of fiduciary duty under those sections to satisfy non-dischargeability. The bankruptcy court granted the motion, allowing the offensive use of collateral estoppel to prohibit relitigation of the factual findings in the arbitral award. It also applied the Settlement Agreement to limit the non-dischargeable amount to the original claim amount of $5,213,337.30. The district court affirmed the bankruptcy court's grant of partial summary judgment in a Memorandum Order on July 19, 2005, holding that (1) the arbitrator did not exceed the scope of the bankruptcy court's modified stay, (2) collateral estoppel was proper under the circumstances, (3) Sheinfeld's due process rights were not

4

violated, and (4) the bankruptcy court had not erred in allowing the arbitrator to liquidate Leeds's claim.

We have reviewed the record and thoroughly considered the opinion of the district court. We conclude that neither it nor the bankruptcy court made any reversible error in giving preclusive effect to the arbitration award, and accordingly the judgment is

AFFIRMED.